a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RAYSHAUN J. CHRISTMAS, Plaintiff | CIVIL ACTION NO. 1:17-CV-587-P |
| VERSUS | JUDGE DEE D. DRELL |
| JAMES LEBLANC, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. § 1983) filed by pro se Plaintiff Rayshaun J. Christmas ("Christmas") (#433850). Christmas was granted leave to proceed *in forma pauperis*. (Doc. 4). Christmas is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the David Wade Correctional Center ("DWCC") in Homer, Louisiana. Christmas complains that Defendants Major McFarland and Lt. Hayes failed to protect him from an attack by another inmate when he was housed at Winn Correctional Center in Winnfield, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

I. **Background**

Christmas alleges he stopped Major McFarland after pill call to inform him that Christmas and another inmate were involved in a fist fight about a cell phone on their shared tier, Birch-B1. (Doc. 13, p. 5). The inmate threatened to kill

Christmas if he returned to the B1 tier. (Doc. 1, pp. 3-4). Major McFarland responded that he did not have time at that moment to deal with the issue. (Doc. 1, pp. 3-4). Christmas then told Lt. Hayes about the problem. Lt. Hayes also advised Christmas that he did not have time to address the problem at that moment because a shift change was imminent. (Doc. 1, p. 5).

Christmas then exited his tier and went to visit a friend on the Birch-A1 tier. (Doc. 13, p. 6). When Christmas was leaving the Birch-A1 tier, he was attacked by the inmate that had threatened him, and Christmas suffered serious injuries. (Doc. 1, pp. 5-6). Christmas received a disciplinary charge for being on the Birch-A1 tier.

II. Law and Analysis

    A. Christmas's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Christmas is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Christmas's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Christmas's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis

2

in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

  **B.** **Christmas cannot show Defendants acted with deliberate indifference or that Defendants' actions caused his injuries.**

 Prison officials have a duty to protect inmates from violence by other inmates, and to take reasonable measures to protect their safety. See Farmer v. Brennan, 511 U.S. 825, 832–33 (1994). However, not every injury "by one prisoner at the hands of another ... translates into constitutional liability for prison officials responsible for the victim's safety." Farmer, 511 U.S. at 834. Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a known substantial risk of serious harm. See Farmer, 511 U.S. at 834; Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998). A plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety or his need for protection. Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995).

 An official is deliberately indifferent to an inmate's health and safety only if he knows that the inmate faces a "substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847; see Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999). The United States Fifth Circuit has explained that "[d]eliberate indifference is a conscious choice to endanger constitutional rights." Mesa v. Prejean, 543 F.3d 264, 274 (5th Cir. 2008) (quoting

Snyder v. Trepagnier, 142 F.3d 791, 799 (5th Cir. 1998)). "Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of harm." Thompson v. Upshur County, Tex., 245 F.3d 447, 459 (5th Cir. 2001). Instead, "the officer must have the subjective intent to cause harm." Mace v. City of Palestine, 333 F.3d 621, 626 (5th Cir. 2003).

Christmas complains that Major McFarland and Lt. Hayes did not immediately address Christmas's concern about his tier assignment, which Christmas verbalized during pill call. Christmas cannot show that Defendants' actions were unreasonable. The fact that Defendants could not immediately reassign Christmas to a new tier as he was leaving pill does not show Defendants had a subjective intent to cause Christmas harm. Christmas has not alleged "acts repugnant to the conscience of mankind." Estelle v. Gamble, 429 U.S. 97, 105–06 (1976).

Moreover, the attack did not occur on the tier from which Christmas asked to be removed. Christmas was housed on B1 tier, but was attacked while leaving the A1 tier, where he was not authorized to be. Thus, even if Christmas had been reassigned from his housing unit immediately when requested, the attack may not have been prevented, as the attack did not occur in Christmas's housing unit. "Prison officials are not ... expected to prevent all inmate-on-inmate violence." Adames v. Perez, 331 F.3d 508, 512 (5th Cir. 2003) (citing Farmer, 511 U.S. at 834). In this case, Christmas cannot show that Defendants' actions caused Christmas's injury or that Defendants acted with deliberate indifference.

4

### III. Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that Christmas's complaint be **DENIED** and **DISMISSED** with prejudice under § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of January, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge